# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ROBERT STEVENSON, #28832-034**                                        **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 5:07-cv-64-DCB-MTP**

**CONTANCE REESE, et al.**                                                  **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PETITIONER'S COMPLAINT

The petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 on March 26, 2007. In an order entered October 1, 2008, an order [5] was entered lifting the stay of this case and directing petitioner to file a written response providing more information, within twenty days. The petitioner was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. The petitioner failed to comply with this order.

On November 26, 2008, an order was entered directing the petitioner to show cause, within twenty days, why this case should not be dismissed for his failure to comply with the court's October 1, 2008, order. In addition, the petitioner was directed to comply with the October 1, 2008, order, within twenty days. The petitioner was warned in the show cause order that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. The petitioner has not complied with the show cause order.

The petitioner has failed to comply with two court orders. It is apparent from the petitioner's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua*

*sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id*. at 629-30.

Petitioner has not complied with two court orders and has not communicated with this court since March 26, 2007. The court concludes that dismissal of this action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) is proper. Since the respondent has never been called upon to respond to petitioner's pleading, and has never appeared in this action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the __8th__ day of January, 2009.

                                           s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE